From William S. Rial, Greensburg, Pa.

## Commonwealth v. Boulden.

*Geary & Rankin,* for exceptants; *Mervyn R. Turk,* contra.

BROOMALL, J., July 20, 1928.—The offenses charged against the defendants involved assault and battery and violation of the election laws at the primary election held Sept. 20, 1927, in the Borough of Trainer, in this county. The cases were bitterly contested. Numerous witnesses were called by both sides. The evidence as to whether any offense had been committed was very conflicting, and the jury very properly imposed the costs, two-thirds on the prosecutors and one-third on the defendants. Defendants filed a bill of costs at

the time, and subsequently filed an amended bill of costs. The clerk of court was called upon to tax the same, and took testimony thereon on March 30, 1928, which is now before the court on appeal from the taxation. Nine exceptions have been filed, which will be considered in their order, as noted below.

1. This exception relates to the failure of the district attorney to file a certificate relating to the costs.

Section 1 of the Act of May 19, 1887, P. L. 138, provides, *inter alia*, that "The costs of prosecution accruing in every case of misdemeanor in any of the Courts of Quarter Sessions of the Peace of this Commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon, be immediately chargeable to and paid by the proper county: Provided, that the county shall be liable only for the costs of such witnesses as the district attorney shall certify were subpœnaed by his order and were in attendance and necessary to the trial of the case."

It will be noted that the certificate of the district attorney is only required to make the county liable for the costs. In the cases under consideration the costs were placed upon the parties by the jury; therefore, no certificate was required from the district attorney; and if any such certificate was required in order to make the county liable, if this should be necessary, we would permit the filing of the same *nunc pro tunc*.

2. This exception relates to four witnesses named in the defendants' bill of costs, alleging that they did not testify and were not necessary or material witnesses.

The testimony shows that the witnesses were in attendance, and counsel for the defendants testified under oath that they were necessary and material. Counsel for defendant claimed that they were not called because, in his judgment, the facts that they would testify to had been fully covered by the testimony of other witnesses. On behalf of the exceptants, no testimony was offered to controvert this allegation.

3. This exception relates to certain witnesses who were in attendance in court and called, but claim is made that they were not in court the number of days set forth in the bill of costs.

In this connection, our Rules of Court provide, under the title "Costs," section 4, page 35, that "The affidavit of the party or other person to the correctness of the bill, and the attendance and materiality of the witnesses, shall be annexed, and shall be *prima facie* evidence of the taxing officer." This rule places the burden on the person questioning the correctness of the bill of costs. Counsel for the defendants testified that the witnesses were present the number of days claimed in the bill, while for the exceptions two witnesses were called for the purpose of proving that they were not present the number of days claimed; but their testimony falls far short of proving that the witnesses were not present the number of days claimed in the bill of costs. The burden of proving the facts was upon the exceptants under the Rule of Court. This burden was not met as to these items.

4. This exception relates to a witness, Joseph Ryan, who, it is alleged, was not a necessary or material witness, but, when called, testified he knew nothing as to the facts of the case.

In a spirited contest of this kind, it would be unjust and unfair to pick out a particular witness and hold that the witness should not be paid for attending, as counsel may have anticipated other proofs in the case. In the absence of any testimony to the contrary, we hold that this is covered by the Rule of Court.

5. This exception relates to some thirty-eight character witnesses, who, it is alleged, were not material and necessary witnesses, and brought here merely for the purpose of running up a large bill of costs.

With this we cannot agree. In some jurisdictions a rule of court has been adopted which prohibits the calling of more than a certain number of witnesses on each side without leave of court. Such a rule has never been adopted in this county, and when discussed there seemed to be some question as to whether such a rule could be enforced. In fact, we feel that the court must rely upon counsel to exercise discretion as to the number of witnesses called. In this case, they represent persons in all walks of life, and we have no doubt that the number and character of the witnesses called to prove the reputations of the defendants had considerable influence on the jury in acquitting the defendants and disposing of the costs in the manner they did. The reputation of the defendants was a fact to be proved like any other fact and must be considered by the jury in connection with the other evidence in the case.

6. This exception relates to an item of $16.25 for subpœna service which, it is claimed, is not properly chargeable as costs, as the subpœna was served by Thomas F. Hays, who, it was admitted, was regularly employed as a deputy sheriff by the County of Delaware.

Any person is permitted to serve a subpœna and to charge therefor. There was no question raised as to the amount of this item, it being claimed that it was not taxable at all for the reason stated. It is taxable as part of the costs of this case and payable by the parties, under the verdict of the jury. Whether, when paid, it belongs to the deputy sheriff personally, or should be turned over to the County of Delaware, is a question which we are not now called upon to decide in connection with the exceptions in this case.

7. This exception relates to witness fees and mileage allowed to Andrew J. Dalton, a deputy clerk and deputy prothonotary of our courts.

We have not had our attention called to any case directly in point. It has been decided that public officers, when called in court, are entitled to be compensated as witnesses. The exception to this rule seems to be members of the bar in active practice before the court. It would appear that they are not entitled to be compensated. But members of the bar who are not in attendance at court in active practice are entitled to be compensated. In fact, the act providing that policemen should receive no other compensation than their salaries has been construed by the courts so that they are entitled to compensation as witnesses in court. Only a hasty examination of the authorities in this connection has been made, as neither counsel submitted any authorities on this proposition.

8. This exception relates to an item of $9.75, which appears to be for subpœna service, and the exception states that "no proof of such service has been made to us."

We take it under our Rule of Court that this item was proved by the affidavit to the amended bill of costs, and in the absence of any testimony thereon to the contrary, it must be allowed.

9. This exception relates to the mileage allowed to the witnesses, it being contended that there has been an overcharge of one, two or three miles for each witness.

Section 1 of the Act of May 19, 1887, P. L. 134, provides for mileage to be "computed by the route usually traveled in going from points or places where witnesses may respectively reside to the county seat, whether that route be by the public highways, railroads or otherwise: Provided, that in no case

shall more mileage be allowed than for the miles actually traveled." There was no evidence offered to show that the witnesses did not travel the actual number of miles claimed in the bill of costs. There was testimony offered to the effect that the mileage between certain points was less than the amount claimed. The bill of costs being *prima facie* evidence that the mileage claimed is correct, and there being no testimony that the witnesses did not actually travel the number of miles claimed, we see no reason to complain of the action of the clerk.

Not only was the bill of costs *prima facie* evidence of the number of miles actually traveled by each witness, but it also appears that there was offered in evidence before the clerk a schedule of the mileage between different points in this county, which was adopted by the county commissioners several years ago as the mileage from which they compute the pay of constables, jurors, witnesses, etc. We are not prepared to say that this schedule is conclusive of anything, but where such a schedule is adopted, and the amount claimed, as here, conforms thereto, under such circumstances, it should be considered as correct, except that no witness should be entitled to more mileage than the number of miles actually traveled.

Certain exceptions were taken before the clerk of court when the testimony was heard.

Counsel for the exceptions demanded that the clerk issue a subpœna for witnesses, so that they might be examined as to the number of days they attended and the number of miles they traveled. Under our Rule of Court, the burden was on the party contesting to prove by competent evidence that the bill of costs as filed was incorrect, and, for that purpose, to subpœna the necessary witnesses to appear before the clerk. This duty did not fall upon the clerk of court.

Another exception relates to a paper which one of the witnesses attempted to use in testifying before the clerk of court. It developed that the witness had nothing whatever to do with the preparation of the paper. He was, therefore, not entitled to use it in testifying, and it was properly ruled out.

An exception was also taken before the clerk to the refusal to compel the attendance before the clerk of the witness referred to in exception 4, above noted. This exception has already been covered by what we said in reference to the witnesses being produced before the clerk by the party excepting to the bill of costs.

These exceptions were argued before the court *in banc*, and counsel for the exceptions was allowed ten days in which to file a brief. No brief was filed within that time, and the matter was placed on the Motion List for Friday, July 6, 1928, by counsel for the defendants. At that time counsel for the exceptions was notified that the matter would be adjudicated on the argument. Counsel for the exceptions has not filed any brief nor given us the benefit of any authorities. We presume that the amount involved in dollars and cents being small, it would take too much of counsel's time to prepare such a brief, but, unfortunately, the court has had to hear argument and write this lengthy opinion on questions which, at the most, involve a very small amount of money.

And now, to wit, July 20, 1928, for the reasons stated, the exceptions are not allowed, the appeal dismissed at the cost of the exceptants, and the costs as taxed by the clerk of court confirmed and directed to be paid.

From William R. Toal, Media, Pa.